UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SONYA WOLF, individually and as Guardian Ad Litem for her minor son NICHOLAS H.,

    Plaintiffs,

  v.

COUNTY OF SAN JOAQUIN, MELISSA TORRES, individually and as an employee of the County of San Joaquin; MICHELLE MCDANIEL, individually and as an employee of the County of San Joaquin; SAN JOAQUIN COUNTY SHERIFF'S OFFICE; VALERIE AGBULOS, individually and as an employee of the County of San Joaquin; and Does 1 through 50, inclusive;

    Defendants.

NO. CIV. S-06-0047 WBS KJM

ORDER RE: MOTION TO APPOINT GUARDIAN AD LITEM

----oo0oo----

Pursuant to Federal Rule of Civil Procedure 17(c) and Local Rule 17-202, plaintiffs Sonya Wolf and Nicholas H. now move to appoint Roger Craig as the guardian ad litem for Nicholas H.,

1

who is a minor.

ORDER

On a motion to appoint a guardian ad litem, the court must consider (1) any reasonable objections raised by the minor and (2) "whether the minor and the guardian have divergent interests." Cal. Civ. Proc. Code § 372(b)(1). Objections by the minor have not been raised. Furthermore, the declaration of Roger Craig demonstrates that:

1. Petitioner is the grandfather of Nicholas H., a minor of the age of seven (D.O.B. January 16, 1999), and resides at 101 Waverly St., in Palo Alto, California.

2. Petitioner's grandson, Nicholas H., has causes of action against the above named defendants for violation of his constitutional rights, actionable under 42 U.S.C. § 1983 and California Civil Code § 52.1, and intentional infliction of emotional distress.

3. Petitioner is a competent and responsible person, qualified to become the guardian ad litem of said minor, aware of the responsibilities the position entails, and he consents in his declaration to act in such a capacity.

4. No previous application for appointment of a guardian ad litem in this matter has been made.[1]

---

[1] This same motion was originally filed, but not noticed, on January 8, 2006. Technically, the guardian ad litem is supposed to be appointed for a minor plaintiff before the summons is served. Cal. Civ. Proc. Code § 373(a) ("If the minor is the plaintiff the appointment must be made before the summons is issued . . . ."). Because plaintiffs failed to notice their motion, this step was not performed in a timely manner. Nevertheless, "failure to appoint a guardian for a minor ad litem is a mere irregularity or judicial error which does not affect

1    5.   Petitioner has already been appointed by Judge Karlton
2 to represent Nicholas H. in a related action that was reassigned
3 to the undersigned on April 18, 2006 (Case No. Civ. S-06-0050).
4      IT IS THEREFORE ORDERED that plaintiffs' motion to
5 appoint Roger Craig as the guardian ad litem for the minor
6 Nicholas H. be, and the same hereby is, GRANTED.
7 DATED:  June 12, 2006

*[signature: William B. Shubb]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

the jurisdiction of the court." <u>Cikuth v. Loero</u>, 14 Cal. App. 2d 32, 33 (1936) (citing <u>Johnston v. S. Pac. Co.</u>, 150 Cal. 535, 539 (1907)).  Consequently, the court still has the authority to make this appointment.